1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10    BINH TRAN,                                Case No. 1:14-cv-01320-EPG-PC

11                   Plaintiff,                 ORDER FOR PLAINTIFF TO EITHER:

12        vs.                                     (1)   FILE A THIRD AMENDED
                                                COMPLAINT, OR
13    M. JUNIOUS, et al.,
                                                  (2)   NOTIFY COURT THAT HE IS
14                   Defendants.                WILLING TO PROCEED ONLY
                                                AGAINST DEFENDANT SMITH ON
15                                              THE EIGHTH AMENDMENT CLAIM
                                                FOUND COGNIZABLE BY THE
16                                              COURT

17                                              THIRTY DAY DEADLINE

18

19    I.    **Plaintiff's Second Amended Complaint**

20            Before the Court is Plaintiff's Second Amended Complaint.  That Second Amended

21    Complaint consists of a document entitled "Plaintiff order to file a second amended complaint

22    for relief and damages," a copy of the Court's prior screening order, and a copy of Plaintiff's

23    First Amended Complaint.[1]

24

_____

25            [1] Certain of the facts appear in the attachment to the First Amended Complaint, which is
26    attached to the Second Amended Complaint.  The documents were filed together.  While the Court has discretion
      to disregard anything in the First Amended Complaint, it declines to do so.  By filing all documents together, it is
27    reasonable to review them as a whole.  Moreover, to disregard allegations because they were in a document
      attached rather than copied into the new document would elevate form over substance.  Given that the Plaintiff is
28    *pro se*, the Court has construed the complaint liberally and considered allegations throughout the filing labeled
      Second Amended Complaint including attachments.

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison in Susanville.  Plaintiff's allegations stem from conduct that occurred while Plaintiff was housed at North Kern State Prison (NKSP).  On November 19, 2012, Plaintiff was transported in a paper transportation jumpsuit.  Plaintiff arrived at NKSP at approximately 5:30 pm.  Upon arrival, Plaintiff was escorted to a cage outside of the Receiving and Releasing building at approximately 7:00 pm.  The cage was 2 ½ by 2 ½ feet.  It smelled of various foul smells.  Plaintiff was fed in the cage that night.  Plaintiff remained in the cage overnight, even though it was located outside and the temperature was between 30-40 degrees Fahrenheit.

Defendant Sergeant E. Smith was in charge of the shift that night.  He would occasionally come outside to make institutional counts.  He was aware that Plaintiff was outside in the cage throughout the night.

In the middle of the night, Plaintiff was forced to urinate without use of a restroom.

At approximately 1:30-2:00 pm the following day, an officer took Plaintiff to another cage, where Plaintiff remained for several hours.  At 4:00 pm, Plaintiff was taken to a cell with a bed, where Plaintiff finally slept.

Plaintiff names as defendants R. Lopez, associate warden; L. Sebbern, associate warden; D. Fode, correctional lieutenant; E. Smith, correctional sergeant; and D. Arroyo, correctional officer.  He asserts claims for violation of the Eighth Amendment and Supervisory Liability.  He also mentions in his complaint issues related to equal protection, due process, and state law negligence.

## II.      Screening Requirement

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[2]

---

[2] Plaintiff filed a consent to proceed before a magistrate judge on September 8, 2014.  (ECF No. 5.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.     Evaluation of Plaintiff's Second Amended Complaint

### A.     Eighth Amendment

The treatment of prisoners is subject to the Eighth Amendment's prohibition against cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate

food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (internal citations omitted). See also Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986) (prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety").

Evaluation of a potential violation of the Eighth Amendment "includes both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotations and citations omitted). To satisfy the subjective element, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

According to the complaint, Plaintiff was kept in a small cage without adequate shelter or sanitation facilities for 21 hours. Plaintiff alleges that Defendant Correctional Sergeant E. Smith was in charge of the shift and was aware that Plaintiff was in the cage, yet did nothing to remedy the situation. The Court finds that these allegations state a claim against Defendant Smith for violation of the Eighth Amendment.

**B.     Additional Defendants**

Plaintiff names various other defendants. The Court does not find that allegations against any of these defendants currently state a viable claim against them. As explained in the prior screening order, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by

others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743–44.

It is not enough that Plaintiff alleges that various defendants had a supervisory role. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.   Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (internal citations omitted).   Here, the Court finds that the only named defendant who is alleged to have had a direct role in keeping Plaintiff in a cage overnight is Defendant Smith.  Plaintiff's allegations are insufficient to state claims against any other defendant.

### C.      Other Claims

Nor does the Court find that Plaintiff has stated a claim for other constitutional violations.

The Fourteenth Amendment of the U.S. Constitution guarantees all citizens, including inmates, due process of law.  However, only certain interests receive the guarantees of due process; an inmate's right to procedural due process arises only when a constitutionally protected liberty or property interest is at stake.   Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Therefore, Courts analyze procedural due process claims in two parts. First, the Court must determine whether the plaintiff possessed a constitutionally protected interest. Brown v. Ore. Dep't of Corrs., 751 F.3d 983, 987 (9th Cir. 2014). Second, and if so, the Court must compare the required level of due process with the procedures the defendants observed.  Id.  A claim lies only where the plaintiff has a protected interest, and defendants' procedure was constitutionally inadequate.  Id.

The Court finds that Plaintiff has failed to state a claim for violation of the due process clause.  The complaint does not explain what process was expected, what was given, or how it was deficient.  All in all, Plaintiff's claim does not appear to concern the process given or not

given, but the fact that Plaintiff was exposed to inhumane conditions of confinement, as discussed above.

Nor has Plaintiff stated a claim for violation of the Equal Protection clause.  Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has failed to allege facts indicating that any defendant acted in order to intentionally discriminate against Plaintiff based on Plaintiff's race.

### D.      Negligence Claim

Plaintiff also asserts a state law claim for common law negligence.  To state a claim for negligence under California law, a plaintiff must plead sufficient facts to show "(1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).  The Court finds that Plaintiff has stated a claim for negligence against Sergeant Smith, and only Sergeant Smith, by alleging that he had a duty to care for Plaintiff at the time, breached that duty by exposing Plaintiff to inhumane conditions, and that Plaintiff was harmed by being exposed to such conditions.  Given that the Court has jurisdiction over the section 1983 federal claim for violation of the Eighth Amendment, the Court will exercise supplemental jurisdiction over this state law claim as well.

### IV.    Conclusion and Order

The Court has screened Plaintiff's Second Amended Complaint and finds that it states claims against Defendant Smith for violation of the Eighth Amendment and negligence.  The

Court holds that Plaintiff has failed to state any other claim or any claim against any other defendant.

In the abundance of caution, the Court will provide Plaintiff leave to amend if he believes that additional facts would state another claim or provide liability against another defendant. If Plaintiff chooses to file an amended complaint, that complaint will supersede this complaint and the Court will screen that amended complaint in full.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d 930, 934 9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Otherwise, Plaintiff may choose to go forward on this Second Amended Complaint against Defendant Smith for violation of the Eighth Amendment and negligence as described in this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    (1) File a Third Amended Complaint attempting to cure the deficiencies identified in this order, or

    (2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the cognizable Eighth Amendment and negligence claims against defendant Sergeant Smith;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:14-cv-01320-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   __March 21, 2016__          ___/s/ Erica P. Grosjean___
                                        UNITED STATES MAGISTRATE JUDGE