UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH TRAN,<br><br>   Plaintiff,<br><br> v.<br><br>E. SMITH,<br><br>   Defendant. | 1:14-cv-01320-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS BE DENIED AND THAT DEFENDANT'S MOTION FOR RECONSIDERATION BE DENIED<br>(ECF NOS. 27 & 32)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

Binh Tran ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983 and attendant state law claim for common law negligence. This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 17, 2015, against defendant Sergeant E. Smith on Eighth Amendment and negligence claims. (ECF No. 13). Plaintiff has consented to magistrate judge jurisdiction (ECF No. 5), but Defendant has not.

On August 19, 2016, Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (ECF No. 27). On September 26, 2016, Plaintiff filed an opposition to the motion. (ECF No. 29). On October 4, 2016, Defendant filed a reply. (ECF No. 30). Defendant's motion to dismiss is now before the court.

\\\

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at High Desert State Prison in Susanville. Plaintiff's allegations stem from conduct that occurred while Plaintiff was housed at North Kern State Prison ("NKSP"). Plaintiff's factual allegations follow.

### A. Summary of Plaintiff's Complaint

On November 19, 2012, Plaintiff was transported in a paper transportation jumpsuit. Plaintiff arrived at NKSP at approximately 5:30 pm. At approximately 7:00 pm Plaintiff was escorted to a cage outside of the Receiving and Releasing building. The cage was 2 ½ by 2 ½ feet. It smelled of various foul smells. Plaintiff was fed in the cage that night. Plaintiff remained in the cage overnight, even though it was located outside and the temperature was between 30-40 degrees Fahrenheit.

Defendant Sergeant E. Smith was in charge of the shift that night. He would occasionally come outside to make institutional counts. He was aware that Plaintiff was outside in the cage throughout the night. In the middle of the night, Plaintiff was forced to urinate without use of a restroom.

At approximately 1:30-2:00 pm the following day, an officer took Plaintiff to another cage, where Plaintiff remained for several hours. At 4:00 pm Plaintiff was taken to a cell with a bed, where Plaintiff finally slept.

### B. Claims

Plaintiff's only surviving claims are against defendant Sergeant E. Smith for violation of the Eighth Amendment and negligence.

## III. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss both the Eighth Amendment claim and the negligence claim.

### Legal Standard

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v.

Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citing Twombly, 550 U.S. at 556).  The standard for plausibility is not akin to a "probability requirement," but it requires

"more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

IV. **DISCUSSION**

A. **Eighth Amendment**

Defendant asserts that Plaintiff's Eighth Amendment claim should be dismissed because it does not allege that Defendant personally participated in a constitutional violation or acted with deliberate indifference. (ECF No. 27-1, p. 1). Defendant also asserts that he is entitled to qualified immunity. (Id.). Plaintiff argues in response that the Defendant did personally participate in the constitutional violation, and that he acted deliberate indifference. (ECF No. 29, p. 2-3). Plaintiff also argues that Defendant is not entitled to immunity because he acted outside the scope of this authority (Id. at p. 5).

*i.     Legal Standard*

The Civil Rights Act under which this claim was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the

Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine

whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Hoptowit, 682 F.2d at 1246-47; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise − for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005); Hoptowit, 682 F.2d at 1258. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious…." Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

As to qualified immunity, "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory

or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. Al–Kidd, 563 U.S. 731, 735 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right. Reichle v. Howards, 132 S. Ct. 2088, 2090 (2012) (quoting Ashcroft, 563 U.S. at 741) (alteration in original). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

> ii. *Analysis*
>
> a. Failure to State a Claim

Under the Prison Litigation Reform Act ("PLRA") the court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given the requirements of the PLRA, the court is disinclined to view with favor a subsequent motion seeking dismissal for failure to state a claim based on issues the Court has already considered. On March 21, 2016, the Court issued a screening order. (ECF No. 16). The order laid out the legal standard, and found that Plaintiff stated a claim under that legal standard. (Id. at p. 4). The Court's conclusion was based upon the same legal standards as utilized for a 12(b)(6) motion to dismiss.

While acknowledging that the Court found that the facts asserted in Plaintiff's Second Amended Complaint, if true, are enough to show deliberate indifference, Defendant essentially asks the Court to reconsider its finding. (ECF No. 27-1, p. 3). According to Defendant, Plaintiff did not plead facts showing that Defendant personally violated Plaintiff's Eighth Amendment rights or that Defendant acted with deliberate indifference. (Id.).

After considering Defendant's motion to dismiss, the Court reaches the same result as it did in its screening order. Plaintiff has stated that he was kept for 21 hours in a freezing, cramped, unsanitary cell that did not have a toilet (ECF No. 13, p. 17-18), that Defendant knew of Plaintiff's situation because Defendant personally observed it (id. at p.18), that Defendant had responsibility for the situation because he was the night shift leader (id.), and that

Defendant did nothing to remedy the situation (id.).  While some reasonable inferences are required, Plaintiff has alleged that Defendant knew that Plaintiff was kept in the above-described conditions overnight, and did nothing to remedy the situation.  As the Court found previously (ECF No. 16, p. 4), these facts are enough to allege a claim against Defendant Smith for violation of Plaintiff's Eighth Amendment rights at the pleading stage.

In Defendant's reply to Plaintiff's opposition, Defendant suggests that he may not have had the authority to remove Plaintiff from the cell, and even if he did, moving Plaintiff would have been a security risk.  (ECF No. 30, p. 2).  Such arguments rely on facts not in the Second Amended Complaint.  Construing all facts in favor of Plaintiff, as required at this stage, Plaintiff has stated a cognizable claim.

### b. Qualified Immunity

As to the first prong of the qualified immunity analysis, the Court has found that, taking what Plaintiff says as true for purposes of this motion (and considering no facts other than those alleged in the complaint), Defendant has violated Plaintiff's constitutional rights.  As to the second prong, the right that was allegedly violated was clearly established.  Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint 801 F.2d at 1107 (9th Cir. 1986).  Plaintiff has stated that he was wearing only a paper transportation jumpsuit, and was kept overnight in freezing or near freezing temperatures, in a very cramped, unsanitary cell without access to a bathroom (ECF No. 13, pgs. 16-18).  Therefore, taking the facts in the Second Amended Complaint as true, Defendant (a state official) violated Plaintiff's constitutional rights, which were clearly established at the time of Defendant's conduct, by denying Plaintiff adequate clothing, shelter, and sanitation.  While this analysis may be different once more facts come to light, at this stage in the proceeding the Court finds Defendant is not entitled to qualified immunity.

Accordingly, the Court will recommend that Defendant's motion to dismiss be denied as to Plaintiff's Eighth Amendment Claim.

///

///

**B.     Negligence**

Defendant argues he is immune from Plaintiff's state law negligence claim under California Government Code section 820.2 (ECF No. 27-1, pgs. 1-2). Plaintiff did not respond to this contention.[1]

*i.     Legal Standard*

California Government Code section 820.2 states "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

However, "almost all acts involve some choice among alternatives, and the statutory immunity thus cannot depend upon a literal or semantic parsing of the word discretion." Caldwell v. Montoya, 10 Cal. 4th 972, 981, 897 P.2d 1320 (1995) (internal quotation and citation omitted). According to the California Supreme Court, "a workable definition of immune discretionary acts draws the line between planning and operational functions of government. Immunity is reserved for those *basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government, and as to which judicial interference would thus be unseemly. Such areas of quasi-legislative policy-making ... are sufficiently sensitive to call for judicial abstention from interference that might even in the first instance affect the coordinate body's decision-making process. On the other hand… there is no basis for immunizing lower-level, or ministerial, decisions that merely implement a basic policy already formulated. Moreover… immunity applies only to *deliberate and considered* policy decisions, in which a [conscious] balancing [of] risks and advantages ... took place. The fact that an employee normally engages in discretionary activity is irrelevant if, in a given case, the employee did not render a considered decision." Id. (internal quotations and citations omitted) (alterations in original).

---

[1] Plaintiff does state that Defendant is not entitled to immunity because he acted completely outside the scope of his authority (ECF No. 29, p. 5), but based on the cases Plaintiff cites, it appears that he was responding to Defendant's claim of qualified immunity, not Defendant's claim of immunity under California Government Code section 820.2.

*ii.  Analysis*

It does not appear that Defendant has qualified immunity under this statute. While Defendant has argued that "[a]ssuming Defendant Smith had the discretion to secure Plaintiff in a holding cell for twenty-one hours, he is immune from Plaintiff's state law negligence claim because the alleged acts or omissions on which it is based were discretionary," this type of discretion does not fall within the statute, under the interpretation of the California Supreme Court as cited above. There is no evidence, or even allegations, that Defendant's decision (assuming it was Defendant's decision) to keep Plaintiff in the above-described situation was a quasi-legislative policy-making decision. Instead, at most it appears to be a ministerial decision implementing basic policy that was already formulated. Therefore, at this stage in the case, the Court is not willing to find that Defendant has qualified immunity under California Government Code section 820.2.

## V. CONCLUSION AND RECOMMENDATIONS

The Court recommends finding that Plaintiff's Second Amended Complaint states a cognizable claim under the Eighth Amendment as well as a cognizable state law claim for common law negligence. The Court also finds that at this stage in the case Defendant is not entitled to qualified immunity or immunity under California Government Code section 820.2.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Rule 12(b)(6) motion to dismiss be DENIED.[2]

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days**

---

[2] The Court notes that on November 22, 2016, Defendant filed a motion for reconsideration by the district court of the magistrate judge's order denying Defendant's Rule 12(b)(6) motion to dismiss. (ECF No. 32). Because the order subject to the motion for reconsideration was vacated on November 23, 2016 (ECF No. 34), the Court also recommends that Defendant's motion for reconsideration be denied as moot.

after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 28, 2016**                    /s/ _Erica P. Grosjean_
                                                    UNITED STATES MAGISTRATE JUDGE