UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH TRAN, | 1:14-cv-01320-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | (ECF NO. 44) |
| E. SMITH, | |
| Defendant. | |

Binh Tran ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983 and attendant state law claim for common law negligence. On May 4, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 44).

Plaintiff asks for appointment of counsel because he is unable to afford counsel, because he is in prison, which limits his ability to litigate, because the issues in this case are complex, because English is his second language, and because this case will likely involve conflicting testimony.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to court orders. Finally, it does not appear that this case is complex. Plaintiff is proceeding against one defendant on what appear to be straight forward claims for violation of Plaintiff's Eighth Amendment rights and negligence.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings. Additionally, the Court notes that if Plaintiff needs any deadlines to be extended, he is free to ask the Court to extend those deadlines.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 5, 2017**          /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE